*THE BOARD OF SUPERVISORS OF THE COUNTY OF DUTCHESS [ *387 ] vs. SISSON.

Where a road was laid out through the lands of an inhabitant of a town, and the supervisors of the county made out a tax list and warrant so as to collect the sum allowed as *damages* to the owner, and to have the same paid over to him, and subsequently altered the warrant, directing the collector to pay over the amount allowed to the *supervisor* of the town instead of to the *commissioners of highways,* and the money was paid over to the *supervisor ;* and at the next annual meeting of the supervisors they directed the supervisor to whom the money was paid to pay over a *portion* of it to the owner of the land, and the *residue* to the county treasurer to the credit of the town in which the money was collected, and instead of comply-

ing with such order, the supervisor paid over the whole sum to the owner of the land *it was held,* that an action for money had and received did not lie against the supervisor, at the suit of *the supervisors of the county.*

DEMURRER to replication. The facts of this case, and the question arising thereupon, are fully stated in the opinion delivered by Mr. Justice BRONSON. The case was submitted on written arguments by

*E. M. Swift,* for the defendant.

*D. V. N. Radcliff & U. Cole,* for the plaintiffs.

*By the Court,* BRONSON, J. It would be useless to follow the counsel through a critical examination of these pleadings, when we are perfectly satisfied that the action cannot be maintained. The case is substantially as follows : In July, 1836, a highway was laid out through the improved lands of one *Israel Wilbur,* in the town of *Washington,* Dutchess county ; and in September following his damages were assessed by a jury at $2000. The proceedings were laid before the board of supervisors at their annual meeting in November following, when they reduced the damages to $1750, and made out the tax list and warrant so as to collect that sum in the town of Washington, to be paid to Wilbur for his damages. The board then adjourned over until December, when objections were made that [ *388 ] Wilbur was allowed *too large a sum, and the board passed a resolution to re-consider the allowance, and postpone the further consideration of the matter until their next annual meeting in November, 1837. They altered the warrant which had previously been made out for collecting the taxes in Washington, so as to direct the collector to pay over the $1750, to *the defendant* who was the *supervisor* of that town, instead of paying it to the commissioners of highways of the town, as had been previously ordered. This was done, as the board say, to the end that the money might be put at interest by the supervisor, to await the final decision of the board the next year.

The money was collected, and in February, 1837, the town collector paid it over to the supervisor, the defendant. *Wilbur* demanded his money, and obtained a *mandamus* against the supervisor, requiring him to pay it over ; and in that proceeding an issue was joined.

The board of supervisors at their annual meeting in November, 1837, resumed the consideration of the matter, and finally reduced the damages to $750, to which interest was to be added ; and passed a resolution that the supervisor pay over that sum with interest to *Wilbur,* and that he pay the balance of the $1750 to the *county treasurer, to the credit of the town of Washington.*

Albany, October, 1840.—Supervisors of Dutchess v. Sisson.

At the annual town meeting in Washington, in April, 1838, the supervisor laid the matter before the electors, and they voted that *the whole* of the money should be paid over to *Wilbur ;* and the supervisor thereupon paid it accordingly.

In Octobor following, the board of supervisors brought this action of assumpsit, to recover from the defendant *the balance*—nearly $1000—which they say should not have been paid to Wilbur.

It may be considered for all the purposes of this case, that the board had a right to re-consider, in December, what had been done at its previous meeting in November, 1836. Still, the board did not in fact wholly revoke its doings. The tax list of the town of Washington was left, as it had been previously made out, so as to levy the whole *$1750    [ *389 ] for Wilbur's damages. The only alteration made, was a direction to the town tollector to pay the money to the supervisor, instead of the commissioners of highways. The whole was in fact collected, and has been paid over to Wilbur.

I think it quite clear, that the balance which the plaintiffs seek to recover, belongs, either *first*, to *Wilbur*, who has got it ; *second*, to *the town of Washington*, in its corporate capacity ; or *third*, to the *tax payers* of that town, from whom the money was collected. And, at any rate, it does not belong to the plaintiffs.

This was an action for *money had and received to the plaintiff's use*, and they must show a title to it. It is not enough to show that the defendant has no title. He is answerable to the true owner, and to him only. Now the plaintiffs do not pretend that this is their money, nor the money of the county of Dutchess, which for certain purposes they represent. But they seek to recover the money, *to the end that they may give the town of Washington credit for it*. If the town of Washington owes the money, and is not, as it seems to be, satisfied with what has been done, let the town sue for the money.

It is impossible to maintain this action.

Judgment for Defendant.